FILED

NOV 13 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**HARRY GINGOLD**  Civil Action No.: 1:23-cv-91

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff,

v.

**WEST VIRGINIA UNIVERSITY, BOARD OF GOVERNORS, for and on behalf of WEST VIRGINIA UNIVERSITY. Their successors and assigns and their assignees.**

**E. GORDON GEE, INDIVIDUALLY AND IN HIS ROLE AS PRESIDENT OF WEST VIRGINIA UNIVERSITY,**

**MARYANNE REED, INDIVIDUALLY AND IN HER ROLE AS PROVOST AND VICE PRESIDENT FOR ACADEMIC AFFAIRS,**

**GREGORY DUNAWAY, INDIVIDUALLY AND IN HIS ROLE AS DEAN OF THE EBERLY COLLEGE OF ARTS AND SCIENCES,**

**EARL SCIME, INDIVIDUALLY AND IN HIS ROLE AS DIRECTOR OF THE SCHOOL OF MATHEMATICS AND DATA SCIENCES.**

**Defendants**

Plaintiff, HARRY GINGOLD, in proper person, his successors his assigns and his assignees, inclusive, complains against:

1

**WEST VIRGINIA UNIVERSITY, BOARD OF GOVERNORS, for and on behalf of WEST VIRGINIA UNIVERSITY.**

**E. GORDON GEE, INDIVIDUALLY AND IN HIS ROLE AS PRESIDENT OF WEST VIRGINIA UNIVERSITY,**

**MARYANNE REED, INDIVIDUALLY AND IN HER ROLE AS PROVOST AND VICE PRESIDENT FOR ACADEMIC AFFAIRS,**

**GREGORY DUNAWAY, INDIVIDUALLY AND IN HIS ROLE AS DEAN OF THE EBERLY COLLEGE OF ARTS AND SCIENCES,**

**EARL SCIME, INDIVIDUALLY AND IN HIS ROLE AS DIRECTOR OF THE SCHOOL OF MATHEMATICS AND DATA SCIENCES.**

## I. PARTIES JURISDICTION AND VENUE

1. The Plaintiff, Harry Gingold is, and at all times relevant to this Complaint was resident of Monongalia County, West Virginia, and a contract employee of West Virginia University as a tenured mathematics Professor.

2. The mailing address of Plaintiff is, and at all times relevant to herein was 264 Lakeside Drive, Morgantown West Virginia 26508.

3. Defendant West Virginia University Board of Governors (WVUBOG) is the governing body for West Virginia University, and is responsible for the control, supervision and management of the financial, business, education, and other policies and affairs of West Virginia University. The mailing business address of WVUBOG is, and at all times relevant to herein was, West Virginia University, 103 Stewart Hall, PO Box 6201, Morgantown, WV 26506.

4. Defendant E. Gordon Gee is the President of West Virginia University. His business mailing address is, and at all times relevant to herein was, West Virginia University, 103 Stewart Hall, PO Box 6201, Morgantown, WV 26506.

5. Defendant Maryanne Reed is Provost and Vice president for Academic Affairs of West Virginia University. Her business mailing address is, and at all times relevant to herein was, West Virginia University, 103 Stewart Hall, PO Box 6201, Morgantown, WV 26506.

6. Defendant Gregory Dunaway is Dean of the Eberly College of Arts and Sciences at West Virginia University. His business mailing address is, and at all times relevant to herein was, West Virginia University, 201 Woodburn Hall, Morgantown, WV 26506.

7. Defendant Earl Scime was Director of the School of Mathematics and Data Sciences at West Virginia University. His business mailing address is, and at all times relevant to herein was, West Virginia University, Room 341 White Hall, 135 Willey St., PO Box 6315, Morgantown, WV 26506. His home mailing address is, and at all times relevant to herein was, 1233 Chase St., Morgantown, WV 26508.

8. All acts and omissions alleged in this Complaint occurred in Monongalia County West Virginia.

9. This Court has Federal Question Jurisdiction pursuant to 28 U.S. Code § 1331. The Federal Questions that arise include:

i) Age Discrimination in Employment Act of 1967 (ADEA).

ii) 18 CFR § 1300.106 - Harassment on the basis of race, color, religion, age, or disability.

iii) Retaliation, 704(a) of Title VI, Section 4(d) of the ADEA and 29 U.S.C. §621, § 623.

iv) Retaliation and Coercion– 29 CFR & 1630.12, (a), (b).

v) Individual Liability of State employees - 42 U.S. Code & 1983.

vi) Breach of Contract - The implied covenant of good faith and fair dealing.

vii) Due Process. The Fifth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution.

viii) 42 U.S.C. 2000e-5(b) – Enforcements Provisions, 29 U.S.C. 211 – Collection of Data, 29 U.S.C. 626 - Recordkeeping, investigation, and enforcement, 42 U.S.C. 12117 – Enforcement, 42 U.S.C. 2000ff-6 -

10. Venue is proper pursuant to 28 U.S. Code & 1391, (a), [(b), (2)], [(c), (2)] and paragraph 8. The web site                                    avers that the Judicial District for this action is Northern District of West Virginia.

11. As used in this complaint, "Defendants" and or West Virginia University (WVU) Board of Governors, (WVUBOG), refers also to all agents and representatives of West Virginia University acting in their scope of their employment, apparently and/or actually. The doctrine of *respondent superior* is hereby invoked and alleged. Accordingly, the Defendants are liable for the acts and omissions of all such employees, agents and/or representatives, and those acting under their command or at their behest, apparently and/or actually.

12. WVUBOG is not immune from suit in this case because the Plaintiff seeks no recovery of states funds, but instead seeks recovery under and up to policy limits of the state's liability insurance policy in accordance with the mandates of <u>Pittsburgh Elevator Co. v. West Virginia Board of Regents, 172 W. Va. 743, 310 S.E.2d 675 (1983).</u>

13. Any Defendant and or natural person that is also sued individually in this complaint is liable for damages as prescribed in 42 U.S. Code & 1983. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,…".

## II. FACTS

The Plaintiff re-alleges and incorporate by reference all preceding paragraphs as if fully set forth herein.

**Background Facts**

14. Hereinafter, the Period starting July First, 2021, and ending August First, 2023, is called throughout this complaint the Hostile Work Environment Period (HWEP).

15. Plaintiff is a Tenured Professor of Mathematics in the School of Mathematics and Data Sciences, (SMDS).

16. Plaintiff began employment at West Virginia University on August 16, 1981. Plaintiff is 78 years old.

17. Defendant Dr. Earl Scime was appointed as Director of SMDS in 2019.

18. Defendant Dr. Gregory Dunaway is the Dean of the Eberly College of Arts and Sciences.

19. SMDS is a unit in the Eberly College of Arts and Sciences.

**Facts Related to Discrimination Charges in the matter of the Eberly Distinguished Professorship of Mathematics, (EDPOM) during the HWEP.**

20. Prior to February 20, 2023, the Eberly College of Arts and Sciences circulated a Call for Applications to the faculty of SMDS for the EDPOM.

21. The Call spelled out, among other things, five criteria for the selection of a successful applicant.

22. The Call above required applicants to provide five types of material to be submitted by each applicant.

23. Among the material required was a letter of availability to be provided by Defendant Director Scime.

24. Plaintiff asked for such a letter of availability from Defendant Scime.

25. On 02/16/2023, Defendant Director Scime responded as follows:

26. "Sorry no, I am tied up at my other office until 1. Rather than beat around the bush, let me get to the point. For me to write such a letter of support, I would need to understand how you would see yourself becomes a major leader of research in the department and staying in that role for the next five years. A person holding an endowed research chair is ideally going to lead a major research program in the department, train students (which you do), mentor younger faculty in research, publish high visibility research, seek research funding, and really drive research forward in the department. It is not, in my opinion, a "reward" for a career of excellent research. It is instead, a leadership role for the next five years. So how do you see yourself engaging in that role? Is such a role what you are wanting to do?

Regards,

Earl"

27. Plaintiff presented to Director Scime credentials that Defendant Scime was familiar with from the annual evaluations of Plaintiff's performance.

28. It is not known to Plaintiff whether any other applicants from SMDS for the EDPOM were asked by WVU to present their qualifications to Director Scime for a letter of availability.

29. It is not known to Plaintiff what kind of letters of availability Director Scime composed for other candidates for the EDPOM.

30. Defendant Scime demanded from Plaintiff qualifications that are not among the five selection criteria for the EDPOM that are detailed in the Call for Applications for the EDPOM.

31. It was only after the Office of the Dean was made aware of Director's Scime communications with Plaintiff, that Director Scime wrote a letter of availability.

32. Director Scime omitted from his availability letter the success that Plaintiff had in mentoring and bringing to completion the mentored PhD Graduate students.

33. Success of an applicant with mentoring graduate students is one of the 5 criteria required of a successful candidate for the EDPOM.

32. Plaintiff applied for the EDPOM on February 20, 2023.

33. The successful candidate for the EDPOM was a younger faculty.

**Facts Related to Sabbatical Discrimination Charges During the HWEP**

34. Plaintiff submitted to Director Scime, on the date of 04/14/2023, his application for a Sabbatical to materialize in Spring 2024.

35. The deadline for submission of such application to the Dean's Office was June 30, 2023.

36. The application required a recommendation by Defendant Director Scime.

37. The Dean's Office did not give notice to Plaintiff that his application for Sabbatical was not approved at the Dean's Level.

38. The negative status of Plaintiff's application for Sabbatical became *accidentally* known to Plaintiff from two sources.

39. An email from Attorney Spatafore on June 23, 2023, indirectly confirmed that WVUBOG did not have intentions to award Plaintiff a Sabbatical.

40. On 07/24/2023, the Dean's office suggested that Plaintiff get a second chance to apply for a sabbatical.

41. Plaintiff Complained to the Equal Opportunity Commission (EEOC) that younger faculty got their Sabbatical Approved.

42. WVU claims to be an Equal Opportunity Employer.

43. Plaintiff filed Charge 533-2023-01745 against WVU.

44. WVU was expected to respond to Plaintiff Discrimination Charge by filing with The EEOC a Position Statement.

45. Under the duress of the above circumstances WVU reversed its Sabbatical decision.

46. Plaintiff submitted a modified Sabbatical application on 07/25/2023.

47. The Spring semester 2024 Sabbatical application was approved on 08/21/2023.

## Facts related to Discrimination and Retaliation Charges, increasing Plaintiff's teaching load by 50% during the HWEP.

48. On 05/03/2023, Plaintiff was notified by Director Scime that Plaintiff's teaching load will increase by 50% in the fall semester of 2023 to 3 courses.

49. Since 08/16/1981, the start date of Plaintiff's employment at WVU, and at all times relevant to herein, Plaintiff taught 2 courses per semester for over 42 years.

50. Since 05/03/2023 and at all times relevant to herein, the official website of Course Schedule of WVU showed continuously that Plaintiff is scheduled to teach 3 courses in the fall semester of 2023.

51. On 7/21/2023, the Office of Defendant President Gee, dismissed Plaintiff's charges of a Discrimination and Retaliation Grievance, as moot.

52. On 07/28/2023, about two weeks before the start of the fall semester 2023, the official website of Course Schedule of WVU *still advertised that Plaintiff is scheduled to teach an overload of 3 courses in the fall semester of 2023.*

8

53. WVU claims to be an Equal Opportunity Employer.

54. Plaintiff complaint to the EEOC and filed Charge 533-2023-01745.

55. WVU was expected to respond to Plaintiff Discrimination Charge by filing with The EEOC a Position Statement.

56. Under the duress of the above circumstances WVU reversed its adverse decision a very short time before the start of the fall semester 2023.

### Facts on WVU's Compliance and Cooperation in the EEOC Investigation Number 533-2023-01745

57. On 05/25/2023 Plaintiff brought Discrimination and Retaliation Charges against Defendants in EEOC Charge 533-2023-01745.

58. The EEOC has authority by: 42 U.S.C. 2000e-5(b) – Enforcements Provisions; 29 U.S.C. 211 – Collection of Data; 29 U.S.C. 626 - Recordkeeping, investigation and enforcement; 42 U.S.C. 12117 – Enforcement; 42 U.S.C. 2000ff-6 - Remedies and enforcements.

59. The authority includes Collection of Data and Investigation.

60. On 05/25/2023, the EEOC sent an initial Notice of Charge to WVU – Respondent.

61. On 08/28/2023 WVU Provided a Position Statement to the EEOC.

62. In response to Part I, 7., in its Position Statement, WVU does not include the name of Dr. Earl Scime as an employee of WVU with Knowledge of the Facts related to Charge 533-2023-01745.

63. Director Dr. Earl Scime has been a supervisor of Plaintiff during the HWEP.

64. Director Dr. Earl Scime has first-hand knowledge of numerous Facts.

65. Defendant Director Dr. Earl Scime was during HWEP Plaintiff's Supervisor taking decisions and generating documents that are pertinent and central to the Charge Number 533-2023-01745.

### WVUBOG has Denied Personnel Documents to Plaintiff hindering the EEOC Investigation

66. The EEOC is granted authority as follows: 42 U.S.C. 2000e-5(b) – Enforcements Provisions, 29 U.S.C. 211 – Collection of Data, 29 U.S.C. 626 - Recordkeeping, investigation, and enforcement, 42 U.S.C. 12117 – Enforcement, 42 U.S.C. 2000ff-6 - Remedies and enforcements.

67. Plaintiff was expected to provide the EEOC documents that are pertinent to its investigations.

68. Plaintiff Requested of Defendants to view and get copies of any and all Sabbatical recommendations made by Director Scime prior and post May 20, 2023.

69. Plaintiff Requested to view and get copies of any and all recommendations made by the Committee for the EDPOM.

70. Plaintiff has property interest in any and all recommendations of Director Scime to the Eberly College for Plaintiff Sabbatical.

71. Plaintiff has property Interest in any and all recommendations of the Committee for the EDPOM.

72. These requests were denied by the President office of West Virginia University.

73. These denials prevented Plaintiff from making important documents available to the investigation of the EEOC in a timely manner.

## Facts Related to Charges of Violation of Due Process by Defendants

74. Defendant Director Earl Scime notified Plaintiff in a letter dated July 1, 2021, about his decision to put in Plaintiff's personnel file a letter of reprimand.

75. The letter of Reprimand shows that Defendant Director Scime believed certain unsubstantiated allegations.

76. Defendant Director Scime did not speak with Plaintiff *before* taking his decision to reprimand about his intention to reprimand.

77. Plaintiff was not given an opportunity to be heard *before* Defendant Director Scime took the decision to reprimand Plaintiff.

78. There was no investigation of facts by Defendant Director Dr. Scime *before* taking the decision to Reprimand Plaintiff.

79. Plaintiff's yearly annual performance for 2021 is dated January 18, 2022. Defendant Scime downgraded the teaching adjective of Plaintiff for 2021 to unsatisfactory.

80. The office of Defendant President E. Gordon Gee upheld the willful violation of Due process and Constitutional rights when it became aware of the circumstances.

81. Plaintiff's performance in teaching was evaluated as good or excellent in the previous fifteen years.

82. The placing of a reprimand in Plaintiff's personnel file and the downgrading to unsatisfactory made Plaintiff vulnerable to being dismissed for cause.

83. It also made Plaintiff vulnerable to sanctions like suspension, demotion and or pay cut.

84. The placing of a reprimand in Plaintiff's personnel file and the downgrading to unsatisfactory Plaintiff's performance in teaching, made Plaintiff ineligible for merit pay.

85. Plaintiff appealed Director's Scime's decisions to Dean Dunaway on June 29, 2021.

86. In his response dated 11/11/2022, Defendant Dean Dunaway upheld Director Scime's decision to keep the reprimand in Plaintiff's personnel file.

87. Dean Dunaway did direct Dr. Scime to upgrade Plaintiff's teaching Performance.

88. Dean Dunaway was not sure if Defendant Scime will abide by his direction.

89. Defendant Dunaway did not speak with Plaintiff *before* taking his decision to uphold Defendant Scime decision to reprimand Plaintiff.

90. Plaintiff was not given an opportunity to be heard in person *before* Dean's Dunaway decided to uphold a decision of Director Scime to reprimand Plaintiff.

91. On the day 11/11/2022 Defendant Scime upgraded Plaintiff's 2021 Teaching Performance to Satisfactory.

92. It is not known if and what investigation of facts was carried out by the Dean's office with regard to circumstances of the disciplinary letter of Dr. Scime.

93. Satisfactory is still a no meritorious adjective for the purpose of merit pay.

94. As early as June 22, 2006, Nadler v. West Virginia University, Docket No. 05-HE-455, (West Virginia Public Employee Grievance Board), implicated all ranks of leadership of WVUBOG in violation of Due Process and Constitutional rights.

95. WVUBOG was ordered to remove a disciplinary letter from a faculty Personnel file.

96. Paragraphs 76, 77, 89, 90,92 combined with Nadler v. West Virginia University, Docket No. 05-HE-455, demonstrates a continuous; persistent; willful and malicious violation of Due Process and Constitutional rights of an employee.

97. The yearly evaluation of my teaching in 2021 during the HWEP, revealed violations of guidelines, rules and regulations of WVUBOG by WVUBOG.

98. The yearly evaluations of my teaching during HWEP reveal applications by WVUBOG of unwritten policies of WVUBOG.

99. The yearly evaluations of my teaching during HWEP reveal violation of instructions of the Provost and President in the pandemic Covid-19 year by Defendant Scime.

**Facts related to all Counts.**

100. Plaintiff expended an extraordinary amount of time and effort to protect his rights as a contract employee of West Virginia University.

101. This resulted in a severe extra burden on Plaintiff during the HWEP.

102. This resulted in emotional distress, emotional suffering, mental anguish, worry, increased sleeplessness and loss of life enjoyment.

103. A notice of Right to Sue in Charge 533-2023-01745 was issued by the EEOC on 10/04/2023.

104. In the previous several years, the Mathematics Department and or the SMDS made several tenure track faculty appointments for positions with 40% Teaching, 40% Research and 20% Service.

105. Younger Faculty exclusively, were given preference over older exceptionally qualified candidates.

106. WVU is not obligated to file an EEO-1 report.

107. Dean Dunaway announced on 08/01/2023 that Defendant Dr. Scime has been replaced in his role as Director of SMDS by Dr. Jessica Deshler.

## III. CLAIMS FOR RELIEF

The Plaintiff re-alleges and incorporate by reference all preceding paragraphs as if fully set forth herein.

**COUNT A. DISCRIMINATION AND RETALIATION IN THE EDPOM TREATMENT DURING THE HWEP**

107. Plaintiff is a 78-year-old contract employee of WVU with 42 years of service.

108. Plaintiff performed his obligations under the contract or was excused from doing so.

109. WVU claims to be an equal opportunity employer.

110. Defendant Director Earl Scime Discriminated and Retaliated against Plaintiff by his treatment of Plaintiff's application for the EDPOM during the HWEP.

111. The discrimination and retaliation were severe.

13

112. As a result of this discriminatory and retaliatory treatment, Plaintiff suffered emotional distress, emotional suffering, mental anguish, worry, aggravated sleeplessness and loss of life enjoyment.

113. Pending Further Discovery, Plaintiff sustained loss of Income.

114. The amounts of damages and the amounts of punitive damages for this Discrimination and Retaliation will be determined at the trial.

**COUNT B. <u>DISCRIMINATORY AND RETALIATORY TEACHING OVERLOAD DECISION DURING THE HWEP</u>**

115. Plaintiff is a 78-year-old contract employee of WVU with 42 years of service.

116. Plaintiff performed his obligations under the contract or was excused from doing so.

117. WVU claims to be an equal opportunity employer.

118. WVU and Defendants Discriminated and Retaliated against Plaintiff by their decision to increase Plaintiff's teaching load by 50% in the fall of 2023 during the HWEP.

119. The Discrimination and Retaliation decision was severe.

120. As a result of this discriminatory and retaliatory treatment, Plaintiff suffered emotional distress, emotional suffering, mental anguish, worry, aggravated sleeplessness and loss of life enjoyment.

121. The amounts of damages and the amounts of punitive damages will be determined at the trial.

**COUNT C. <u>DISCRIMINATORY SABBATICAL APPLICATION TREATMENT</u>**

122. Plaintiff is a 78-year-old contract employee of WVU with 42 years of service.

123. Plaintiff performed his obligations under the contract or was excused from doing so.

124. WVU claims to be an equal opportunity employer.

125. WVUBOG and Defendants Discriminated against Plaintiff by them withholding from Plaintiff an award of Sabbatical during the HWEP.

126. The Discrimination was severe.

127. As a result of this discriminatory and retaliatory treatment, Plaintiff suffered emotional distress, emotional suffering, mental anguish, worry, aggravated sleeplessness and loss of life enjoyment.

128. The amounts of damages and the amounts of punitive damages for this discrimination will be determined at the trial.

**COUNT D. <u>VIOLATIONS OF CONSTITUTIONAL RIGHTS</u>**

129. Plaintiff is a 78-year-old contract employee of WVU with 42 years of service.

130. Plaintiff performed his obligations under the contract or was excused from doing so.

131. WVUBOG and Defendants willfully violated the Constitutional Rights of Plaintiff. Namely, the Due Process clause of the Fifth and the Fourteenth Amendment of the United States Constitution.

132. The violations were severe.

133. As a result of this violation during the HWEP, Plaintiff sustained loss of merit pay increases and reputation harm.

134. As a result of the above, Plaintiff suffered emotional distress, emotional suffering, mental anguish, worry, aggravated sleeplessness and loss of life enjoyment.

135. The amounts of damages and the amounts of punitive damages will be determined at the trial.

**COUNT E. <u>BREACH OF CONTRACT</u>**

136. Plaintiff is a 78-year-old contract employee of WVU with 42 years of service.

137. Plaintiff performed his obligations under the contract or was excused from doing so.

138. WVUBOG and Defendants violated WVU guidelines rules and regulations in a breach of contract. The breach of contract was material.

139. As a result of these violations Plaintiff sustained loss of income.

140. As a result of this Plaintiff suffered emotional distress, emotional suffering, mental anguish, worry, aggravated sleeplessness and loss of life enjoyment.

141. The amounts of damages and the amounts of punitive damages will be determined at the trial.

### COUNT F. HOSTILE WORK ENVIRONMENT

142. Plaintiff is a 78-year-old contract employee of WVU with 42 years of service.

143. Plaintiff performed his obligations under the contract or was excused from doing so.

144. WVU claims to be an equal opportunity employer.

145. Over a period of two years, WVUBOG and Defendants engaged in: Discrimination; Retaliation; Violations of Constitutional rights; Harassment; Breach of Contract; Coercion; Intimidation; Reputation harm, violation of the implied covenant of good faith and fair dealing.

146. The adverse acts were severe, and the breach of contract was material.

147. Defendants created a severe hostile work environment for Plaintiff.

148. As a result of this Hostile Work Environment, Plaintiff suffered emotional distress, emotional suffering, mental anguish, worry, aggravated sleeplessness, loss of life enjoyment and loss of income.

149. The amounts of damages and the amounts of punitive damages will be determined at the trial.

## IV. PRAYER FOR RELIEF

The Plaintiff re-alleges and incorporate by reference all preceding paragraphs as if fully set forth herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.

Issue findings of fact and conclusions of law that include the following: i) Defendants made Discriminatory Decisions and acts during the HWEP. ii) The Defendants are liable for willful deprivations of Plaintiff's Due Process rights secured by the Constitution of the United States during the HWEP. iii) That Defendants created for Plaintiff a Hostile work Environment during the HWEP. iv) Defendants willfully withheld from Plaintiff personnel documents relevant to the EEOC investigating the Charge 533-2023-01745.

B.

For Back and Front pay and for lost income occasioned by Defendants violations and misconduct, as the law permits.

C.

For all sustained Damages and Punitive Damages for emotional distress for mental anguish and for loss of life enjoyment occasioned by Defendants violations and misconduct, as the law permits.

D.

For Damages and Punitive Damages for: willful discrimination; retaliation; willful violation of due process; coercion bullying and intimidation; harassment; reputational harm; violation of the implied covenant of good faith a fair dealing; and a hostile work environment during the HWEP, as the law permits.

E.

For Damages and Punitive Damages for Denying Plaintiff documents in which Plaintiff has Property Interest.

F.

17

For punitive damages for the employer breach of contract in willful violation of WVUBOG rules, regulations and guidelines, as the law permits.

G.

For attorney fees, litigation fees, cost and other litigation related expenses.

H.

For pre and post judgment interest, as the law permits.

I.

Grant such other and further relief as this Court deems just necessary and equitable.

## **PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this Ninth day of November 2023

*/s/ H. Gingold*
Harry Gingold, Pro Se
264 Lakeside Drive
Morgantown, WV 26508
Telephone: 304.276.5355
Email: hgingold@gmail.com
Per Jury Plaintiff in Proper Person

November 9, 2023

I declare under penalty of perjury under the law of the State of West Virginia that the foregoing is true and correct.

*[signature: H. Gingold]*

Harry Gingold Pro Se
264 Lakeside Drive
Morgantown, WV 26508
Telephone: 304.276.5355
Email: hgingold@gmail.com