# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg Division

**HARRY GINGOLD,**

    **Plaintiff,**

v.                                                                       **Civil Action No.: 1-23-cv-91**
                                                                        **Judge Thomas S. Kleeh**

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS, E. GORDON GEE,**
**MARYANNE REED, GREGORY DUNAWAY,**
**and EARL SCIME,**

    **Defendants.**

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule of Civil Procedure 16.01(b), the parties hereby file this Report of the Parties' Planning Meeting in accordance with this Court's *First Order and Notice Regarding Discovery and Scheduling Conference*. To prepare and submit this proposed schedule, the parties discussed the potential effects of Defendants' motion to dismiss as well as potential travel out of the country by Plaintiff on the schedule in this action. Accordingly, the parties offer the following proposed schedule to the Court for consideration:

1.     **Parties' Planning Meeting:**

Pursuant to Federal Rules of Civil Procedure 16, 26(f), a meeting was held via Zoom on January 19, 2024 between the following participants:

    a)     Harry Gingold, Pro Se Plaintiff

    b)     Wendy G. Adkins, counsel for Defendants.

2. **Pre-Discovery-Disclosures**:

The parties will exchange the information required by Fed. R. Civ. P 26(f)(1) by February 12, 2024, set forth in the Court's *First Order and Notice Regarding Discovery and Scheduling Conference.*

3. **Discovery Plan**:

   a) Discovery will be needed on the following subjects:

   Discovery will focus on any subject matter(s), not privileged, that are relevant to the claims and defenses in dispute in this matter.

   b) Disclosure or discovery of electronically stored information should be handled as follows:

   i. To the extent a plan for handling disclosure of electronically stored information is needed, the parties agree to provide such information in paper format or PDF format, subject to objections to the disclosure of that information. Moreover, if the parties believe that it is necessary that they be provided with electronically stored information in its native format, each party may so request, and the parties agree to work toward a reasonable resolution of any such request. To the extent the parties are unable to agree and/or disputes arise in the course of discovery regarding electronically stored information, the parties will submit them to the Court in accordance with Local Rules and the Federal Rules of Civil Procedure.

   c) The parties have agreed concerning claims of attorney-client privilege or attorney-work product as follows:

   i. The parties agree to the submission of a privilege log with simple document description (with Bates stamps), and all document information and grounds as required by the Rules of Civil Procedure and the common law.

   d) **Discovery Completion:** Discovery shall be completed by **August 20, 2024**.

   e) **Joinder and Amendment: The parties are unable to agree on a proposed joinder and amendment deadline.** Plaintiff requests joinder and amendment to be controlled by

Rules 15, 18, and 19 of the Federal Rules of Civil Procedure, with a deadline of October 30, 2024, in order to allow time for analysis of Discovery that could impact Joinder and Amendments. Defendants propose a deadline of February 19, 2024, to join additional parties and to amend the pleadings in this case to allow for discovery to be completed by August 20, 2024.

    f)    **Expert Disclosures**: Expert disclosures and reports from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure are due:

        i.    From Plaintiff by: **May 30, 2024**.

        ii.    From Defendants by: **July 14, 2024**.

    g)    **Independent Medical Examination**: **June 14, 2024**

    h)    **Mediation**: The parties believe that mediation may enhance settlement prospects and should take place before **August 20, 2024**.

    i)    **Dispositive Motions**: Potential dispositive motions shall be filed by **August 15, 2024**, with responses and replies filed according to the Local Rules.

    j)    **Rule 26(a)(3) Pretrial Disclosures:** The parties should exchange and file pretrial witness disclosures and exhibits under Rule 26(a)(3) no later than **December 1, 2024**. Objections to pretrial disclosures should be filed by **December 15, 2024**.

    k)    **Jury Instructions, Voir Dire, and Verdict Forms:** The parties will submit and exchange proposed jury instructions, voir dire, and proposed verdict forms by **December 6, 2024**. Parties should have until **December 20, 2024,** to list objections.

    l)    **Motions in Limine**: All motions *in limine* should be filed by **December 15, 2024**. Responses to motions *in limine* should be filed by **December 29, 2024**.

m) **Final Pretrial Conference**: **The parties are unable to agree on a proposed final pretrial conference.** Plaintiff requests a final pretrial conference during the week of March 18 to 22, 2025, West Virginia University's Spring Break. Defendants, however, believe the case should be ready for a final pretrial conference in late January 2025. The parties will prepare a Joint Final Pretrial Conference Order and submit to the Court *7 days* prior to the final pretrial conference.

n) **Trial**: **The parties are unable to agree on a proposed trial date.** Plaintiff requests a trial be held on May 6, 2025, at the end of the 2025 Spring Semester at West Virginia University. Defendants, however, believe the case should be ready for trial by early February 2025. At this time, the parties believe the trial is expected to take approximately **5 days**.

4. **Matters Addressed in Local Rule 16.01(b).**

a) Plaintiff believes the case is complex enough to warrant case management conferences referenced under L.R. Civ. P. 16.01(b)(1). Defendants disagree as the issues raised in this matter are typical of an employment-related matter.

b) At the present time, the parties have not reached any agreement regarding any disputed facts alleged with particularity in the pleadings.

c) The parties do not agree to a trial before a magistrate judge.

d) The parties agree to participate in mediation with the assistance of a mediator as required by this Court's Scheduling Order

e) The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the Northern District of West Virginia.

   f) Agenda for the scheduling conference: Defendants' Motion to Dismiss and all matters addressed in this report.

Respectfully submitted this 29th day of January, 2024.

*/s/ Harry Gingold, Pro Se (by WGA with Permission)*
Harry Gingold, Pro Se Plaintiff

*/s/ Wendy G. Adkins*
Wendy G. Adkins (WV State Bar No. 9412)
Jackson Kelly PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, WV 26501
Telephone: 304-284-4100
Facsimile: 304-284-4142
wgadkins@jacksonkelly.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division**

**HARRY GINGOLD,**

    **Plaintiff,**

v.                                                       **Civil Action No.: 1-23-cv-91
Judge Thomas S. Kleeh**

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, E. GORDON GEE,
MARYANNE REED, GREGORY DUNAWAY,
and EARL SCIME,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I, Wendy G. Adkins, counsel for Defendants, hereby certify that the foregoing **"*REPORT OF THE PARTIES' PLANNING MEETING*"** was electronically filed with the Clerk of the Court using the CM/ECF system, on this 29th day of January, 2024, and served upon the following by U.S. Mail postage paid:

Harry Gingold (pro se)
264 Lakeside Drive
Morgantown, West Virginia 26508

                                                    */s/ Wendy G. Adkins*
                                                    Wendy G. Adkins, Esquire (WVSB # 9412)